Filed 2/1/23; Certified for Publication 3/2/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re N.M. et al., Persons Coming Under the Juvenile Court Law. | B315559 |
| | (Los Angeles County Super. Ct. No. 19CCJP07303) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. THOMAS M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Affirmed in part and reversed in part.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Melania Vartanian, Deputy County Counsel, for Petitioner and Respondent.

_____

In these dependency proceedings Thomas M. (father) appeals from a juvenile court exit order awarding sole physical custody of minors N.M. and S.M. to E.S. (mother), contending no substantial evidence supported the order. We agree, and therefore reverse the order insofar as it grants sole physical custody to mother.

## BACKGROUND

The facts are undisputed. Father and mother, although married, did not live together. Mother resided with the maternal grandmother, along with six-year-old N.M., four-year-old S.M., and two of mother's other children by different fathers. Father resided with the paternal grandmother but during these proceedings relocated to his own apartment. Father worked full time five to six days a week and was unable to care for the children on a full time basis. Through an informal arrangement, he visited the children during the week and had custody of them every other weekend.

On November 6, 2019, mother was arrested for child endangerment after driving while under the influence of alcohol with her youngest child in the car.

On February 2, 2020, the juvenile court sustained a Welfare and Institutions Code section 300 petition alleging

2

mother's alcohol abuse endangered the children.[1]  The court detained the children from mother, released them to father (still to reside in the maternal grandmother's home), and ordered mother to complete several programs.

The court ordered father, who had a prior arrest for possession of a "Narc Controlled Substance" and admitted to current marijuana use, to complete a parenting program and submit to five drug tests, and to complete a drug rehabilitation program if any test was positive or missed.

Mother completed her case plan.

Father failed to complete his case plan.  Although he submitted to two drug tests, he missed 22 other tests and refused to enroll in any drug rehabilitation program.  Further, although he reported he had completed a parenting class, he failed to provide proof of completion.  As father's workload increased beginning in May 2021, his visitation with the children became inconsistent.

The juvenile court held periodic review hearings, at the last of which father requested joint physical custody upon termination of jurisdiction.  The court denied the request, stating father "hasn't done a thing.  Mother is doing all the work, being protective, and father walks in at the end of the case, saying, 'I want the same.' "  "Did he do his case plan?  No, so I'm sorry.  It's not appropriate to reward a parent who does nothing in this court, so I'm not going to make it joint legal.  I'll make it sole legal, sole physical to mom.  Unmonitored visits to father."

---

[1] Undesignated statutory references will be to the Welfare and Institutions Code.

The court found "that those conditions which would justify the initial assumption of jurisdiction under WIC section 300 no longer exist and are not likely to exist if supervision is withdrawn."  The court terminated jurisdiction, awarded the parents joint legal custody and mother sole physical custody, and granted unmonitored visitation to father as to be agreed upon by the parents in mediation.

On August 17, 2021, the parents participated in mediation and agreed that the children would live primarily with mother, and father would have parenting time every Tuesday and Thursday from 4:30 p.m. until 7:00 p.m. and every other Friday from 4:30 p.m. until 7:00 p.m. on Sunday, and additional days or times when agreed to by both parents.  Each parent could take a vacation of up to two weeks, and the parents worked out a plan for holidays, vacations and special days.  The mediation agreement was attached and incorporated into the custody order filed on August 26, 2021, which grants physical custody solely to mother.

Father appeals.

Only father is party to this appeal, which pertains only to N.M. and S.M.

## DISCUSSION

Father contends no substantial evidence supports the order granting mother sole physical custody.  We agree.

After a juvenile court orders that a dependent child may remain in the custody of a parent, the court holds periodic review hearings pursuant to section 364.  At such a hearing, "the court shall determine whether continued supervision is necessary.  The court shall terminate its jurisdiction unless [DCFS] establishes by a preponderance of evidence that the conditions still exist

4

which would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn." (§ 364, subd. (c).)

When "the juvenile court terminates its jurisdiction over a minor who has been adjudged a dependent child of the juvenile court . . . the juvenile court on its own motion, may issue . . . an order determining the custody of, or visitation with, the child." (§ 362.4.) "When making a custody determination in any dependency case, the court's focus and primary consideration must always be the best interests of the child." (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268; see also *In re Chantal S.* (1996) 13 Cal.4th 196, 206 [in making a custody determination the juvenile court focuses on the best interests of the child].)

"[T]he juvenile court has broad discretion to make custody orders when it terminates jurisdiction in a dependency case." (*In re Nicholas H.*, *supra*, 112 Cal.App.4th at p. 265, fn. 4.) We review a custody (or "exit") order pursuant to section 362.4 for abuse of discretion, and will not disturb the order "unless the court ' " 'exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination.' " ' " (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

Here, the juvenile court made no express finding that granting sole physical custody to mother would be in the children's best interests. Instead, the court stated, "It's not

5

appropriate to reward a parent who does nothing in this court, *so I'm not going to make it joint legal.*" (Italics added.) The court thus granted mother sole custody to avoid rewarding father, who had refused to participate meaningfully in the case plan. This was an abuse of discretion because an exit order must serve the best interests of the children, not reward or punish one parent or another for failing to comply with the case plan.

Respondent argues the exit order was in the children's best interests because father had a prior arrest for drug possession, missed 22 drug tests, admitted to current marijuana use, failed to complete a parenting program, and visited the children only inconsistently. Although we do not condone ignoring the court's orders, there has been no express finding that these factors impacted the children's interests, and no grounds appear for an implied finding. Father has never been deemed an offending parent, and no evidence suggested that his drug use, lack of a parenting class, or visitation practices impacted the children in any way.

We will therefore reverse the order granting mother sole physical custody. We need not reach father's alternative grounds for reversing the order.

DCFS argues that if we reverse any part of the order we should remand the matter to the family law court for a hearing on custody issues. We see no necessity for such a remand.

6

## DISPOSITION

The order is reversed insofar as it grants mother sole physical custody.  In all other respects, including the time share, the order is affirmed.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

7

Filed 3/2/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re N.M. et al., Persons Coming Under the Juvenile Court Law. | B315559 |
| | (Los Angeles County Super. Ct. No. 19CCJP07303) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS M.,<br><br>Defendant and Appellant. | ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

The opinion in the above-entitled matter filed on February 1, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in judgment.

_____

ROTHSCHILD, P. J.      CHANEY, J.      BENDIX, J.